**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| **Jimmy Lawrence Nance, #03781-084,**   ) | Case No. 2:15-cv-5099-BHH-MGB |
| ) | |
| **Petitioner,** ) | |
| v.   ) | |
| ) | **REPORT AND RECOMMENDATION** |
| **Linda Thomas, Warden** ) | |
| ) | |
| **Respondent.** ) | |
| _____) | |

Jimmy Lawrence Nance ("Petitioner" or "Nance") is a federal prisoner at the Federal Correctional Institution ("FCI Edgefield") in Edgefield, South Carolina. He has a lengthy history of filing repetitive post-conviction motions. Here, he has filed another petition for habeas corpus pursuant to 28 U.S.C. § 2241, seeking to challenge his 1993 federal conviction and sentence of life imprisonment. (DE# 1). He is proceeding *pro se* and has paid the filing fee. (DE# 4, receipt number SCX300064004). This matter was referred to the assigned Magistrate Judge for initial review pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.). Having carefully reviewed the record, the Magistrate Judge recommends that the petition be **dismissed** without prejudice for the following reasons:

**I. *Pro Se* Habeas Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case pursuant to the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. § 2254, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d

951 (4th Cir. 1995) (*en banc*); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). The Rules Governing Section 2254 Cases are applicable to habeas actions brought under § 2241. See Rule 1(b).

*Pro se* pleadings are given liberal construction and are held to a less stringent standard than formal pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, "[t]he 'special judicial solicitude' with which a district court should view ... *pro se* filings does not transform the court into an advocate. *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012), *cert. denied*, 133 S.Ct. 2401 (2013). Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dept. of Soc. Servs., City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990). Giving "liberal construction" does not mean that the Court can ignore a prisoner's clear failure to allege facts that set forth a cognizable claim. "Principles requiring generous construction of pro se complaints ... [do] not require ... courts to conjure up questions never squarely presented to them." *Beaudett v. City of Hampto*n, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

## II. Background

The following paragraph summarizes the facts of Petitioner's federal criminal case, as found in the appellate opinion, *United States v. Nance*, 67 F.3d 298, 1995 WL 541695, *1-2 (4th Cir. 1995), *cert. denied*, 516 U.S. 1136 (1996), *r'hrg denied*, 517 U.S. 1152 (1996). On September 18, 1992, at 3:10 p.m., a postal customer found postal employee Mrs. Donna Jean Stevenson lying in a pool of blood on the floor of the Post Office located in Crockett, Virginia. She had been robbed and bludgeoned to death. Her throat had been slashed. The circumstantial evidence indicated that Petitioner was acquainted with Mrs. Stevenson, had done some "odd jobs" for Mrs. Stevenson at

her home, knew Mrs. Stevenson was carrying a large amount of cash ($5,000.00) that day, was seen "hanging around" the post office at the time of the murder, mailed a letter at the post office that day, was found in possession of items from Mrs. Stevenson's billfold, and had made a phone call at 7:37 p.m. (on the day of the murder) from a gas station near where Mrs. Stevenson's empty billfold was later found. Human blood (consistent with Mrs. Stevenson's blood, found in only 11% of the population) was found on Petitioner's shoes and clothes. The evidence also indicated that the Petitioner needed money and had recently stolen cash from other people and forged checks. Mrs. Stevenson had paid Petitioner with cash for doing odd jobs at her home, and Petitioner knew Mrs. Stevenson often carried cash. Petitioner knew that Mr. Stevenson had given his wife $5,000.00 to put in a postal box for safe-keeping and had even remarked that it was "crazy" for Mrs. Stevenson to carry that much cash. Upon his arrest, Petitioner gave conflicting stories to the police.

Petitioner received a jury trial, and on March 23, 1993, the jury convicted him of violating 18 U.S.C. §§ 1111, 1114 for the first degree murder of a United States Postal Service employee engaged in the performance of her official duties. *See United States v. Nance*, Case No. 92-cr-135-R (W.D.Va.). Petitioner was sentenced to life imprisonment. The Fourth Circuit Court of Appeals affirmed Nance's conviction and sentence. *See United States v. Nance*, 67 F.3d 298, 1995 WL 541695 (4th Cir. 1995), *cert. denied*, 516 U.S. 1136 (1996).

Petitioner filed a motion pursuant to 28 U.S.C. § 2255, challenging his conviction and sentence. The United States District Court for the Western District of Virginia (as sentencing court) denied the motion. See Case No. 96-cv-334-R (W.D.Va. Nov. 7, 1996). The Fourth Circuit Court of Appeals dismissed the appeal. *See United States v. Nance*, 107 F.3d 868, 1997 WL 85993 (4th Cir. Feb. 27, 1997). Petitioner filed a second § 2255 motion, which the sentencing court denied on

July 9, 1997. The Fourth Circuit Court of Appeals dismissed that appeal as well. *See United States v. Nance*, 125 F.3d 849, 1997 WL 626526 (4th Cir. Oct. 10, 1997).

Petitioner filed a Fed.R.Civ.P. 60(b) motion, or in the alternative, a motion for reopening his previous § 2255 motion. The sentencing court denied the motion on February 11, 1999. Over six months later, Petitioner attempted to appeal on September 30, 1999. The Fourth Circuit Court of Appeals dismissed the appeal as untimely. *See United States v. Nance,* 203 F.3d 823, 2000 WL 1379 (4th Cir. Dec. 30, 1999). Petitioner sought a writ of mandamus in an attempt to force the "reopening" of his previous § 2255 motion. The Fourth Circuit Court of Appeals denied such request. *In re Nance*, 215 F.3d 1320, 2000 WL 655739 (4th Cir. 2000). Petitioner filed a petition for writ of certiorari in the original jurisdiction of the Supreme Court of the United States, which was also denied. *See In Re Jim L. Nance*, 528 U.S. 1073 (2000).[1]

On March 30, 2000, Petitioner filed a petition pursuant to 28 U.S.C. § 2241 in the United States District Court for South Carolina. This Court construed the petition as a motion pursuant to 28 U.S.C. § 2255 and transferred it to the United States District Court for the Western District of Virginia. See D.S.C. Case No. 4:00-cv-979-HMH-TLW (D.S.C.). Petitioner appealed the transfer, and the Fourth Circuit Court of Appeals dismissed the appeal. *Nance v. Ray*, 238 F.3d 413, 2000 WL 1868090 (4th Cir. Dec. 21, 2000).

On October 30, 2000, Petitioner filed another petition pursuant to 28 U.S.C. § 2241 in the United States District Court for South Carolina. This Court again construed the petition as a motion pursuant to 28 U.S.C. § 2255 and transferred the motion to the United States District Court for the

---

[1] Petitioner filed various other unsuccessful motions. *See, e.g., In re Nance*, 121 F.3d 99, 1997 WL 474517 (4th Cir. Aug. 21, 1997 (affirming denial of Petitioner's request for mandamus to prevent certain prosecutors from participating in proceedings); *United States v. Nance*, 145 F.3d 1327, 1998 WL 225120 (4th Cir. May 4, 1998) (affirming denial of motion for recusal of judge); *United States v. Nance*, 166 F.3d 336, (4th Cir. Dec. 2, 1998) (affirming denial of motion to disallow collection of fees and restitution); *United States v. Nance*, 28 F.App'x 305, 2002 WL 199732 (Feb. 8, 2002) (affirming denial of motions for reduction of restitution and for finding and retesting of DNA evidence).

Western District of Virginia. See D.S.C. Case No. 4:00-cv-3371-HMH-TLW. Petitioner moved (twice) for reconsideration, and both motions for reconsideration were denied.

Petitioner then moved the sentencing court for DNA testing of evidence, including some hair samples. The sentencing court found that Petitioner's request did not meet the conditions for DNA testing under 18 U.S.C. § 3600(a)(4). *See United States v. Nance*, 2006 WL 5845651 (W.D.Va., Jan. 10, 2006), *affirmed by* 186 F.App'x 363, 2006 WL 5845651 (4th Cir. June 29, 2006), *cert. denied*, 549 U.S. 1006 (Oct. 30, 2006). Petitioner also asked the sentencing court to reopen a previous § 2255 Motion and demanded "expedited" consideration. The sentencing court construed it as a successive § 2255 motion and summarily dismissed it. *Nance v. United States*, 2011 WL 5873030 (W.D.Va. Nov. 21, 2011), *appeal dismissed,* 471 F.App'x 111 (4th Cir. Apr. 3, 2012) (per curiam), *cert. denied*, 133 S.Ct. 262 (2012). The Fourth Circuit Court of Appeals denied a certificate of appealability and dismissed the appeal.

In the latter appeal, the Fourth Circuit Court of Appeals also construed Nance's notice of appeal and informal brief as an application to file a second or successive § 2255 motion, and considered whether Nance was asserting claims based on either: (1) newly discovered evidence, not previously discoverable by due diligence, that would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review. 28 U.S.C.A. § 2255(h). The Fourth Circuit Court of Appeals found that "Nance's claims do not satisfy either of these criteria" and denied authorization to file a successive § 2255 motion.

The sentencing court subsequently dismissed another successive petition, and the Fourth Circuit Court of Appeals dismissed that appeal as well. *United States v. Nance*, 507 F.App'x 318

(4th Cir. Jan. 25, 2013), *cert. denied*, 133 S.Ct. 2364 (2013). Petitioner filed another § 2255 motion and demanded recusal of the presiding judge. The sentencing court denied the motion as successive and held that "Nance has not shown or sufficiently alleged a personal bias from an extrajudicial source, as required under 28 U.S.C. § 144, nor is recusal warranted under 28 U.S.C. § 455." *See United States v. Nance*, 2013 WL 594230, *2 (W.D.Va. Feb. 15, 2013). Petitioner filed for writ of mandamus, which the Fourth Circuit Court of Appeals denied. *In re Nance,* 538 F.App'x 300, 2013 WL 4492801 (4th Cir. Aug. 23, 2013).

Petitioner also filed a petition captioned as a "Petition and Motion for a Writ of Coram Nobis and/or Audita Querela." The sentencing court deemed this to be another unauthorized successive § 2255 motion and denied relief on that basis. The Fourth Circuit Court of Appeals dismissed the appeal. *United States v. Nance*, 590 F.App'x 282, 2015 WL 328845 (4th Cir. Jan. 27, 2015). Nance also filed a § 2241 petition for an "original" writ of habeas corpus challenging his 1993 conviction. The Fourth Circuit Court of Appeals denied relief. *In re Nance*, 618 F.App'x 186 (4th Cir. Oct. 15, 2015).

On March 6, 2014, Petitioner filed another petition pursuant to 28 U.S.C. § 2241 in the United States District Court for South Carolina. Petitioner indicated that he was challenging his sentence, and argued that § 2255 was "inadequate and ineffective" because "sentencing errors are not cognizable on § 2255." He re-asserted the argument that his indictment charged that the crime occurred in the "special maritime and territorial jurisdiction of the United States," and that § 18 U.S.C. § 111 could not be applied to crimes on "private property."[2] Petitioner concluded that he was "factually, actually, and legally innocent of violating any federal crime."

The Magistrate Judge recommended dismissal, explaining that:

---

[2] Petitioner assumes that the Post Office was "private property" because the real property upon which the Post Office was located was leased from private owners.

> It is clear on the face of the pleadings, however, that Petitioner is not challenging the execution of his sentence, but the underlying validity of his first degree murder conviction and the resulting sentence of life imprisonment. It appears that, because Petitioner has so far been unable to satisfy the gate-keeping provision of § 2255(h) to gain the Fourth Circuit's authorization to file a successive § 2255 motion, Petitioner has elected to try to circumvent the gate-keeping requirement by filing this § 2241 habeas petition, and attempting to disguise it as a mere challenge to his sentence, while alleging his "actual innocence" of the underlying conviction.

See D.S.C. Case No. 2:14-cv-744-TLW-BHH (DE# 23 at 7). The Magistrate Judge recommended that Petitioner could not proceed under the savings clause, explaining that:

> Petitioner has failed to allege, much less demonstrate, that there has been a change in the substantive law such that the conduct of which he was convicted is no longer deemed criminal. *See Jones*, 226 F.3d at 333-34. Consequently, the instant § 2241 Petition fails to satisfy the requirements of the savings clause of § 2255(e) so as to provide this Court with jurisdiction to hear it, and the Petition should be dismissed. Petitioner's claim of actual innocence is based on the alleged legal insufficiency of the trial proceeding, not on Petitioner's factual innocence of the crime. *See Bousley v. United States*, 523 U.S. 614, 623 (1998). Petitioner's claim is facially inadequate to require consideration by this Court, because Petitioner does not allege that there is any new, reliable evidence of any type that was not presented in any of his prior court proceedings which supports his innocence of the criminal charge for which he was convicted. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995) (to present a credible claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial"); *Doe v. Menefee*, 391 F.3d at 161 (quoting *Schlup* for the evidentiary standard required for a court to consider an actual innocence claim). Rather, Petitioner's actual innocence claim is based on his assertions that his trial and appellate counsel were ineffective, and that the sentencing court committed legal errors.

*Id*. Petitioner then moved for the case to be assigned to a different judge, claiming that the Magistrate Judge had a "conflict of interest." This Court accepted the Report and dismissed the § 2241 petition. (*Id*., DE# 43, Order of August 18, 2014).

On December 15, 2015, Petitioner filed the present petition pursuant to 28 U.S.C. § 2241. The record reflects that Petitioner has now filed at least four such § 2241 petitions. Having been advised in the previous case that when making a claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence," Petitioner now alleges that there is "new, reliable evidence" that supports his claim of actual innocence. Careful review indicates otherwise.

## IV. Discussion

Review of the petition reflects that Petitioner is challenging the validity of his 1993 murder conviction and the resulting sentence of life imprisonment. "It is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc)). A motion pursuant to § 2255 is generally used to challenge a conviction or sentence, whereas a § 2241 habeas petition is generally used to challenge the execution or implementation of a federal prisoner's sentence. *In re Vial*, 115 F.3d at 1194 n.5 (§ 2241 petition is typically used to challenge the manner in which a sentence is executed.); *United States v. Miller*, 871 F.2d 488, 489-90 (4th Cir. 1989) (distinguishing between attacks on the "computation and execution of the sentence [and] the sentence itself"); *Manigault v. Lamanna*, Case No. 8:06-047-JFA-BHH, 2006 WL 1328780, *3 (D.S.C. 2006) (observing that a § 2241 petition "generally challenges the execution of a federal prisoner's sentence, such as parole matters, computation of sentence by prison officials, prison disciplinary actions, and prison transfers."), *appeal dismissed*, 192 F.App'x 227 (4th Cir. July 28, 2006), *cert. denied*, 549 U.S. 1155 (2007).

Here, the Fourth Circuit Court of Appeals has, on at least one occasion, denied Petitioner permission to file a successive § 2255 petition. Petitioner may not re-label the present petition as one brought under § 2241 in order to circumvent the lack of authorization to file a successive § 2255 motion. The present petition appears to be another unauthorized successive § 2255 motion.

A prisoner cannot challenge his federal conviction and sentence under § 2241 unless he can satisfy the § 2255 "savings clause," which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); *see Prousalis v. Moore*, 751 F.3d 272, 275 (4th Cir. 2014) (observing that a prisoner "may file a habeas petition under § 2241 only if the collateral relief typically available under § 2255 'is inadequate or ineffective to test the legality of his detention' "), *cert. denied*, 135 S.Ct. 990 (2015). Here, the sentencing court has previously denied relief.

To show that a § 2255 motion is "inadequate or ineffective" to test the legality of a prisoner's detention, the Court of Appeals for the Fourth Circuit has held that a petitioner must establish the following criteria:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000); *Prousalis*, 751 F.3d at 275. Petitioner does not point to any substantive change in the law such that the conduct of which he was convicted is no longer deemed criminal. *Id.* The present petition fails to satisfy the requirements of the savings

clause of § 2255(e) so as to provide this Court with jurisdiction to hear it, and therefore, should be summarily dismissed.

Petitioner argues that "he presents a claim of actual innocence, hence the district court must entertain this § 2241 on the merits." (DE# 1 at 2). Petitioner's assertion is not accurate. He has not shown any actual innocence here. The arguments he makes, and the evidence he points to, do not demonstrate actual innocence. A conclusory allegation of actual innocence will not suffice.

Petitioner's arguments regarding "actual innocence" have been previously rejected. For example, Petitioner persists in making the attenuated argument that the postal building was leased, that the site of the murder was therefore on "private property" rather than the "special maritime and territorial jurisdiction of the United States," that his conviction is therefore void, and that he is therefore "actually innocent" of committing an offense under 18 U.S.C. §§ 1111, 1114. (DE# 1 at 7-10). He contends that the Post Office was "private property" for purposes of 18 U.S.C. §§ 1111 (DE# 1-4). Contrary to Petitioner's strained legal interpretation, actual innocence "means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. Petitioner is reasserting a meritless legal argument, rather than demonstrating any <u>actual</u> innocence of the criminal offense. It is undisputed that the murder occurred at a United States Post Office. Although Mrs. Stevenson was found in a pool of blood on the floor there, Nance urges that there is "no evidence" that the Post Office was "a place within the special maritime and territorial jurisdiction of the United States." (*Id*. at 5). Petitioner's erroneous legal assumption and mischaracterization of the trial evidence fails to demonstrate any actual innocence. This argument has previously been considered and rejected. The fact that Petitioner did not prevail on such issue does not mean that relief under § 2255 is "ineffective" for purposes of the savings clause.

Based on his meritless "private property" argument, Petitioner further alleges that no "penalty" was available when the District Court sentenced him. (DE# 1 at 9). To the extent Petitioner is attempting to challenge his life sentence, the savings clause does not extend to a challenge to a sentence. *See United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008) ("Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentence."); *Rouse v. Wilson*, 584 F. App'x 76, 2014 WL 4823637 (4th Cir. 2014) (affirming district court's determination that petitioner could not challenge his sentence under § 2241); *Farrow v. Revell*, 541 F. App'x 327, 541 F.App'x 327 (4th Cir. 2013) (petitioner's challenge to sentence was not cognizable under § 2241 via the savings clause).

Petitioner makes much of the fact that he learned (over ten years ago) that the United States had destroyed the forensic evidence after his conviction was affirmed on appeal. (DE# 1 at 2, 7-8). He contends that this shows that the prosecution "withheld exculpatory forensic evidence," because, according to Petitioner, "there can be no doubt that if the evidence had been inculpatory, government would have waived it before the jury like a red flag. (DE# 1 at 12). This conclusory allegation is based on faulty reasoning and fails to demonstrate any "actual innocence." Such argument has previously been rejected. *See, e.g., United States v. Nance*, 2013 WL 594230, *1 (W.D.Va. Feb. 15, 2013) (dismissing § 2255 petition and observing that Nance "claims, as he has previously and as the Court has addressed, that the United States Attorney's Office knowingly destroyed exculpatory DNA evidence.").

Petitioner also speculates that the Chief Postal Inspector Ryland Saxby must have given false testimony to the grand jury about the Petitioner's motive for the killing as "robbery." (DE# 1 at 4-5). Petitioner makes the illogical argument that because "all postal monies were accounted for," he therefore had "no motive" for the robbery and is "actually innocent." (*Id*. at 5). The fact

that Mrs. Stevenson was robbed of her own money and that Petitioner did not also steal other money at the Post Office does not support actual innocence. Contrary to Petitioner's suggestion, strong circumstantial evidence indicated that Petitioner had ample motive to commit the crime. Petitioner needed money, had recently stolen money and forged checks, knew that Mrs. Stevenson was carrying a large amount of cash that day, knew that she was planning to put the cash in a postal box for safekeeping. *See Nance*, 1995 WL 541695, *1-2 (appellate summary of facts and evidence in jury trial). On the day of the murder, the evidence confirmed that Petitioner had traveled far from his home to go to the post office where Mrs. Stevenson worked. A mail carrier saw Petitioner hanging around the Post Office that afternoon and gave police a description of Petitioner's car and out-of-state license. Petitioner mailed a letter at that Post Office (his fingerprints and hand-writing on the letter were positively identified) and made a phone call there. *Id*.

With respect to his motive for the crimes, Petitioner complains that Wythe County Sheriff Wayne Pike testified that he had searched the victim's vehicle and house and did not find her purse. Petitioner makes much of the alleged fact that the victim's purse is listed as item #47 on a Postal Service Inventory Sheet on September 19, 1992. (DE# 1 at 5). Petitioner concludes that "law enforcement agents committed perjury by providing false and misleading testimony knowing there was not one scintilla of evidence petitioner committed this offense." (*Id*.). Petitioner mischaracterizes the significance of such evidence and completely ignores the very strong circumstantial evidence of his guilt. Regardless of any evidence regarding when and where Mrs. Stevenson's "large brown purse" was found, Petitioner had the victim's blood on his clothing and was found in possession of items from Mrs. Stevenson's billfold, which Petitioner had apparently taken from the purse and discarded near a gas station. Petitioner's presence at that gas station was confirmed by evidence showing that he made a phone call there on the day of the murder.

Petitioner's strained arguments fall quite short of showing that evidence of the purse would have made any difference to his defense.

In sum, Petitioner's actual innocence claim is facially inadequate to require consideration by this District Court. Petitioner mischaracterizes his repetitive arguments in an attempt to conform to the requirements for obtaining review under the narrow exception of the savings clause. The claims raised in this petition are not proper grounds for a habeas petition filed pursuant to § 2241, and Petitioner has not shown that the savings clause applies here. A prisoner who challenges his federal conviction or sentence must proceed under 28 U.S.C. § 2255.  Petitioner cannot simply label his arguments as a § 2241 petition to circumvent 28 U.S.C. § 2255. Petitioner has not satisfied the criteria to invoke § 2255's savings clause and proceed under § 2241, and this Petition is subject to dismissal.

## IV. Certificate of Appealability ("COA")

Rule 11 of the Rules Governing Section 2255 Cases provides "the district court must issue or deny a COA when it enters a final order adverse to the applicant." A COA may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been denied on the merits, the petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller–El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a petitioner's constitutional claims are dismissed on procedural grounds, a COA will not issue unless the petitioner demonstrates both (1) that jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right, and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484).

Petitioner cannot bring a petition under § 2241 merely because he did not obtain relief under § 2255. "It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." *Jones*, 226 F.3d at 333. Petitioner has not shown any basis to proceed under the savings clause. The undersigned recommends that jurists of reason would not find this procedural ruling debatable. Jurists of reason would also not debate whether the petition states a valid claim of denial of any constitutional right. This Petition does not meet the criteria for issuance of a COA.

## V.  Recommendation

Accordingly, the Magistrate Judge recommends that the Petition (DE# 1) be **summarily dismissed** without prejudice and without requiring the respondent to file a return; a certificate of appealability should not be issued.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

April 11, 2016
Charleston, South Carolina

The parties' attention is directed to the **Important Notice** on the next page:

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>  **Robin L. Blume, Clerk**
>  **United States District Court**
>  **Post Office Box 835**
>  **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).